UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| LINDA SUE HADDIX, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 10-30-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| SOCIAL SECURITY | ) | **AND ORDER** |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Clients should expect their attorneys to zealously protect their rights. The most famous articulation of this principle comes from Lord Brougham. In justifying his defense of Queen Caroline against King George IV's bill for divorce, Lord Brougham declared that attorneys must defend their client's interests, no matter the obstacles they face. "An advocate," Lord Brougham reasoned, has a duty "to protect that client at all hazards and costs to all others, and among others to himself . . . and he must not regard the alarm, the suffering, the torment, the destruction which he may bring upon any other." Henry Brougham, 1 Speeches of Henry Lord Brougham 105 (1838). For Queen Caroline to win her case, Brougham had to be willing to reveal that King George had secretly married a Roman Catholic while still the heir apparent—an act that would render his crown forfeit. *See* Henry Lord Brougham, 2 The Life and Times of Henry Lord Brougham 405–09 (1871).

Linda Sue Haddix did not have to ask her attorney to brave the wrath of the British

crown to protect her rights. Because she had won reversal and remand of the ALJ's decision to deny her social security benefits, R. 21, Haddix had a limited period of time to file for an award of attorney's fees under the Equal Access to Justice Act (EAJA). *See* 28 U.S.C. § 2412(d). But she did not pursue her rights under the EAJA because, a month earlier, this Court had held that plaintiffs in her position did not have a right to funding under the EAJA. *See Turner v. Astrue*, 764 F. Supp. 2d 864 (E.D. Ky. 2010). Filing such a motion for attorney's fees did not require risking imprisonment in the Tower of London, only a likely denial of the motion by this Court and perhaps the gauntlet of oral argument in front of the Sixth Circuit. But the plaintiff did not pursue that path. Instead, Haddix did nothing—only filing her motion for fees after the Sixth Circuit reversed this Court's interpretation of the EAJA in an unrelated case more than a year after Haddix's filing deadline had passed. *See Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 725 (6th Cir. 2012). Her procrastination was not the "diligence in pursuing one's rights" that governing precedent requires. *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 132 (6th Cir. 2007) [hereafter *Townsend II*] (quoting *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 376 (6th Cir. 2002)). Consequently, the Court must deny her motion for fees.

## BACKGROUND

The plaintiff, Linda Sue Haddix, filed suit in federal district court challenging an Administrative Law Judge's (ALJ) determination that she was not entitled to disability benefits under the Social Security Act. R. 1. After motions for summary judgment by both parties, R. 11; R. 12, and supplemental briefing, R 14; R. 19, the Court granted the plaintiff's motion for summary judgment. R. 20. The Court reversed the ALJ's decision for lack of

clarity, *id.*, and remanded the case to the Commissioner for further consideration, R. 21.

That was November of 2010. *See* R. 20; R. 21. Now, more than one-and-a-half years later, Haddix has filed a motion under the EAJA seeking attorney's fees. R. 22 at 1 (citing 28 U.S.C. § 2412(d)(1)). Normally, such a delay would be dismissed as untimely under 28 U.S.C. § 2412(d)(1)(B) (requiring a "party seeking an award of fees" to submit an application for such fees "within thirty days of final judgment in the action"). But Haddix claims her procrastination is justified. In September of 2010, roughly one month before it granted Haddix's motion for summary judgment, the Court issued its opinion in *Turner*, 764 F. Supp. 2d 864. *Turner* concluded that plaintiffs who secure remand with a contingency contract have not "incurred" attorney fees under the EAJA. *Id.* at 870–75.

Rather than file for attorney's fees and then appeal to the Sixth Circuit if the Court denied her request, Haddix did nothing. *Compare* R. 21 (entering judgment reversing and remanding on November 12, 2010), *with* R. 22 (filing motion for attorney's fees on June 13, 2012). Then, approximately two weeks after the Sixth Circuit overturned the Court's interpretation of the EAJA in *Turner*, 680 F.3d 721, Haddix filed her motion for attorney's fees. R. 22. The Commissioner filed a response opposing her motion, R. 23, arguing that Haddix's motion was untimely, *id.* at 2–6, and that her fee request was excessive, *id.* at 6–10.

## DISCUSSION

The Equal Access to Justice Act provides that "[a] party seeking an award of fees and other expenses" must, "within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection." 28 U.S.C. § 2412(d)(1)(B). The

Court entered its Judgment on November 12, 2010, *see* R. 21, meaning the sixty-day period for appeal ended—and thus the judgment became final under the EAJA—on January 11, 2011.  *See* 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G); *see also Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578, 581 (2005) [hereafter *Townsend I*] (applying provisions in same manner).  So Haddix had until February 10, 2011, to file a timely motion for attorney's fees under the EAJA.  *See id.* § 2412(d)(1)(B).  Haddix filed her motion well past that date.  *See* R. 22.  Therefore, the only question is whether Haddix can justify her delay.

    The doctrine of equitable tolling applies to the EAJA's time limitation, allowing courts to extend the statute's time limits in certain circumstances.  *Townsend I*, 415 F.3d at 582.  Courts apply five "non-exhaustive" factors to determine whether equitable tolling is warranted: (1) "lack of notice of the filing requirement"; (2) "lack of constructive knowledge of the filing requirement"; 3) "diligence in pursuing one's rights"; 4) "the plaintiff's reasonableness in remaining ignorant of a particular legal requirement"; and (5) "absence of prejudice to the defendant."  *Townsend II*, 486 F.3d at 132 (alterations omitted) (quoting *Weigel*, 302 F.3d at 376).  If, as here, the first four factors are not met, prejudice is not considered.  *Townsend II*, 486 F.3d at 132; *see Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (holding that, because imposing the deadline always prejudices the dilatory party, "it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures").  Haddix knew about the filing deadline and assumed, wrongly, that *Turner* had eliminated it.  *See* R. 24 at 1–2.  Her reply brief attempts to justify her delay by explaining that her attorney made attempts in several other cases to "salvage the remedy" of attorney's fees, including moving the district court to hold the

4

motion for fees in abeyance of the Sixth Circuit's decision in *Turner*. *See id.* at 2. Thus, Haddix cannot claim that she lacked constructive knowledge or constructive notice of the filing requirement, or that it was reasonable for her to remain ignorant of the requirement. *See Townsend II*, 486 F.3d at 132 (listing these as factors one, two, and five in its equitable tolling factors).

Haddix's motion therefore turns on the third tolling factor, "diligence in pursuing one's rights." *Id.* Haddix did not exercise reasonable diligence in this case. *See Townsend II*, 486 F.3d at 134 ("In the face of this possible uncertainty, however, it was incumbent on [the plaintiff] diligently to protect her own rights."). The Sixth Circuit's equitable tolling precedent instructs that "'a reasonably cautious and prudent' litigant 'would, as a modest precaution, assume that limitations began passing on or near the earliest potential date.'" *Townsend II*, 486 F.3d at 134 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)). Here, "a reasonably cautious and prudent litigant" would have assumed that the Judgment on November 12, 2010, set the clock on Haddix's time to file. *See* R. 20; R. 21. Not only was the November 12 Judgment the "earliest potential date," it was the only potential date Haddix was given to calculate from.

What's more, "diligent research would have shown" that Haddix had no reason to expect that a different date would set the filing period. *Townsend II*, 486 F.3d at 134 (holding that plaintiff could not simply assume that the district court's consideration of the Administrator's Rule 60(b) motion tolled the filing period). First, "[t]he federal courts sparingly bestow equitable tolling." *Graham-Humphreys*, 209 F.3d at 560. So Haddix should have known that it would not be "reasonably cautious and prudent" to assume that the

5

Court's decision in *Turner* would toll the filing period in Haddix's separate case. *Id.* at 561. Second, the doctrine of sovereign immunity requires that the Court strictly construe the EAJA's partial waiver of the United States' immunity in favor of the United States. *See Ardestani v. I.N.S.*, 502 U.S. 129, 137 (1991). Since the Court applied this principle in *Turner*, 764 F. Supp. 2d at 869–70, which Haddix claims to have relied on, *see* R. 24 at 1–2, she certainly was aware that it would likely be applied to the thirty-day filing period. Finally, the only reported decisions in which courts have tolled a filing period under the five *Townsend II* factors are cases where the SSA failed to respond at all. *Compare Townsend II*, 486 F.3d at 134 (holding that plaintiff had not exercised reasonable diligence in waiting until after the district court had ruled on a Rule 60(b) to file a then-untimely motion for fees), *with Jones v. Comm'r of Soc. Sec.*, No. 1:05-CV-789-MRB, 2007 WL 1362776 (S.D. Ohio May 8, 2007) (adopting the Magistrate's recommendation that, "[i]n light of Defendant's failure to file any opposition to Plaintiff's fee application, we find that equitable tolling would be appropriate under the circumstances"), *and Fantetti v. Comm'r of Soc. Sec.*, 1:08CV621-SJD, 2010 WL 546729 (S.D. Ohio Feb. 12, 2010) (adopting same reasoning by Magistrate). That was not the case here. *See* R. 23. Despite all these indications, Haddix failed to take any action whatsoever to preserve her right to attorney's fees. Inaction is not pursuit, let alone diligent pursuit, of one's rights. *See Townsend II*, 486 F.3d at 132, 134–35.

      Haddix's other justifications for her delayed filing are unpersuasive. First, Haddix argues that her procrastination was justified because her attorney took steps to preserve the rights of other plaintiffs in other cases. She points out that her attorney "tr[ied] to revisit the issue with Your Honor in Turner in a couple of post-judgment motions." R. 24 at 2. She

6

also stresses that her attorney filed "motions to place [] E.A.J.A. petition[s] in abeyance" in other cases, and those motions "were rejected by this Court's jurists." R. 24 at 2. Actions taken by other parties in other cases—even if done through the same attorney—do not justify Haddix's inaction. Quite the contrary, the actions she cites indict her own idleness. They illustrate, by way of contrast, Haddix's lack of diligence in protecting her own rights in her own case. The terms of the EAJA clearly state that any "*party* seeking an award of fees" must "submit to the court an application for fees and other expenses." 28 U.S.C. (d)(1)(B) (emphasis added). And those terms must be strictly construed in favor of the United States. *See Ardestani*, 502 U.S. at 137. Consequently, actions that a party's lawyer takes for a different client in a separate case do not absolve that party of its responsibilities under the Act's terms; if anything they highlight the party's omissions. Next, Haddix faults the Court for not "extend[ing] to eligible Plaintiffs" a "stay in the proceedings . . . pending a Sixth Circuit resolution." R. 24 at 3. Not only does Haddix fail to establish that such a stay was warranted here, she also acknowledges that such stays are granted based on a party's motion, not a *sua sponte* order by the district court. *See id.* ("By contrast, in earlier times, the Courts of the Eastern District of Kentucky had granted the then Secretary of Health and Human Services' motion for a stay in the proceedings regarding an adjudication for E.A.J.A. attorney fees pending a Sixth Circuit resolution."). And Haddix never brought such a motion in her case.

      The bottom line is this. To be "diligen[t] in pursuing one's rights," *Townsend II*, 486 F.3d at 132, one must do something in pursuit of those rights. Haddix did nothing. Thus, equitable tolling is not warranted.

## CONCLUSION

Accordingly, it is **ORDERED** that the plaintiff's motion for attorney's fees under the EAJA, R. 22, is **DENIED**.

This the 17th day of September, 2012.

Signed By:
*Amul R. Thapar*   AT
United States District Judge